IN THE MATTER OF ATKINSON-CLARK CANAL COMPANY, SPECIAL
PROCEEDING NO. 471.

(Filed 23 November, 1949.)

**1. Drainage Districts and Corporations § 10—**

When the validity of a drainage assessment is challenged the burden is upon the drainage district or corporation to show that it was created in substantial compliance with the applicable statutes and that the assessments were levied pursuant to and in compliance with the statutory provisions. G.S. 156-37 through G.S. 156-43.

**2. Drainage Districts and Corporations § 1—**

In order to establish a drainage corporation it is necessary that a petition in conformity with G.S. 156-37 be filed and that commissioners be appointed and that they file a report in conformity with G.S. 156-38, and that there be an adjudication and confirmation of the report, G.S. 156-41. It is only after such confirmation that the corporation may be declared to exist and may proceed to organize and levy assessments, G.S. 156-42.

**3. Same—**

Where petitioners show only the granting of an easement in response to a petition by an individual to be allowed to drain into an existing canal on the lands of another under the provisions of G.S. 156-2, G.S. 156-3 and G.S. 156-10, such evidence is insufficient to show the establishment of a drainage corporation under the provisions of G.S. 156-37, *et seq.*

**4. Drainage Districts and Corporations § 10—**

The fact that most of the proprietors have paid the drainage assessments levied against their lands does not preclude another proprietor from attacking the validity of the assessments levied against her.

APPEAL by exceptor Estelle Harris Bunting, from *Frizzelle, J.,* at Chambers in Greenville, N. C., 10 February, 1949. From PITT.

The facts pertinent to this appeal are as follows:

1. On 22 September, 1948, a paper writing, purporting to be a certificate of assessment of the Board of Directors of Atkinson-Clark Canal

Company, was presented to the Clerk of the Superior Court of Pitt County, to be passed upon and approved by him, in accordance with the provisions of G.S. 156-42. The Clerk signed an order refusing to approve the certificate which showed a number of unpaid assessments, among them being three aggregating $1,628.00 against Estelle Harris Bunting. The petitioner appealed from the order of the Clerk to the Judge of the Superior Court.

2. The appellant moved, on 28 October, 1948, to be made a party and for permission to be heard in the matter, which motion was granted.

3. The cause came on for hearing before his Honor at Chambers in Greenville, N. C., upon the record and various documents offered by petitioner's counsel, as follows:

(a) The purported certificate of assessment.

(b) Certain paper writings, purporting to be copies of minutes of stockholders' and directors' meetings of the Atkinson-Clark Canal Company, purporting to authorize certain improvements to parts of the canal and to levy three separate assessments to defray the cost thereof; none of which was signed. Exception. Later the purported original minutes were delivered to his Honor, but no evidence was offered as to their authenticity.

(c) A petition signed by ten landowners reading as follows: "We the undersigned owners of land included in the boundaries of the Atkinson-Clark Canal Company do hereby petition the Directors of the company to have the existing canals cleaned and reworked to provide a sufficient drainage for our lands. We further request that the Directors levy an assessment on the land in the boundaries of Atkinson-Clark Canal Company for the purpose of paying the cost of such improvements."

(d) The original papers of record in the office of the Clerk of the Superior Court of Pitt County, being known as "Special Proceeding No. 471."

4. It was admitted in open court that if the Atkinson-Clark Canal Company is a corporation, it was "organized and derived its vitality and existence from Special Proceeding No. 471 in the office of the Clerk of the Superior Court of Pitt County," which proceeding is copied in full in the record.

5. The appellant requested the court to find as a fact that the petitioner had offered no evidence before the Clerk of the Superior Court or before his Honor, tending to show that the proposed certificate of assessment was "in conformity with and in compliance with the report of the Commissioners," as required by G.S. 156-42; that the proposed certificate of assessment is not in compliance with the provisions of G.S. 156-42; and moved that the order of the Clerk of the Superior Court be affirmed and the appeal dismissed; and tendered judgment accordingly. The

court declined to find the requested facts; denied the motion and also declined to sign the tendered judgment. To all of which the appellant excepted.

6. By consent of the parties it was stipulated and agreed that his Honor might render judgment out of term and out of the county.

Whereupon the court found as a fact that the Directors of the Atkinson-Clark Canal Company have made three assessments upon the lands which compose the said company, the assessments having been made in the years 1947 and 1948; that the assessments were made for a purpose provided for in Section 156-42 of the General Statutes of North Carolina, to wit, for the maintenance and upkeep of the canal of the corporation; that the assessments were properly made by the Directors of said Canal Company; that the proposed certificate of assessment should be filed for record amongst the papers on file in the office of the Clerk of the Superior Court of Pitt County relating to the organization of the Canal Company and known as Special Proceeding No. 471; and that the amounts of money due by the proprietors of the land, who are listed in said certificate, should be entered as judgments *in rem* against such proprietors, in the amounts shown in the certificate.

Judgment was entered accordingly. To the facts found by the court and to the signing of the judgment, the appellant excepted and appeals, assigning error.

*H. S. Ward and F. M. Wooten, Jr., for appellee.*
*Sam B. Underwood, Jr., for appellant.*

DENNY, J. The appellant challenges the validity of the assessments which the petitioner undertook to levy. She excepted to the finding of fact that the assessments were properly made by the Directors of the Canal Company, on the ground that the petitioner offered no evidence to show that the assessments were made in compliance with the report of Commissioners on which the corporation is based, as required by G.S. 156-42.

The burden was upon the petitioner to show that it was created and organized pursuant to the provisions of what is now Subchapter II, G.S. 156-37 through 156-43, and that the assessments made were levied pursuant to and in compliance with the provisions of such subchapter. Whenever any drainage corporation, drainage district or municipality seeks to levy a special assessment on lands within the boundaries of such district or municipality, and the validity of the assessment is challenged, it has the burden of showing a substantial compliance with such statutory provisions as are essential to the validity of the assessment. *In re*

*Westover Canal,* 230 N.C. 91, 52 S.E. 2d 225; *Holton v. Mocksville,* 189 N.C. 144, 126 S.E. 326.

In order to create a drainage corporation, such as the petitioner purports to be, before such corporation can be created, it is necessary for a petition to be filed in the Superior Court by a proprietor in fee of swamp lands, which cannot be drained except by cutting a canal through the lands of another or other proprietors in fee, situated at a lower level and which would also be materially benefited by the cutting of such canal. G.S. 156-37. It is then provided in G.S. 156-38:

"On the establishment by the petitioner of his allegations, the court shall appoint three persons as commissioners who, having been duly sworn, shall examine the premises and inquire and report—

"1. Whether the lands of the petitioner can be conveniently drained otherwise than through those of some other person.

"2. Through the lands of what other persons·a canal to drain the lands of the petitioner should properly pass, considering the interests ·of all concerned.

"3. A description of the several pieces of lands through which the canal would pass, and the present values of such portions of the pieces of lands as would be benefited by it, and the reasons for arriving at the conclusion as to the benefit.

"4. The route and plan of the canal, including its breadth, depth, and slope, as nearly as they can be calculated, with all other particulars necessary for calculating its cost.

"5. The probable cost of the canal and of a road on its bank, and of such other work, if any, as may be necessary for its profitable use.

"6. The proportion of the benefit (after a deduction of all damages) which each proprietor would receive by the proposed canal and a road on its bank if deemed necessary, and in which each ought, in equity and justice, to pay toward their construction and permanent support.

"7. With their report they shall return a map explaining, as accurately as may be, the various matters required to be stated in their report."

When such commissioners file their report, "If it appear that the lands on the lower level will be increased in value twenty-five per cent or upwards by the proposed improvement, within one year after the completion thereof, and that the cost of making such improvement will not exceed three-fourths of the present estimated value of the land to be benefited, and that the proprietors of at least one-half in value of the land to be affected consent to the improvement, the court may confirm such report, either in full or with such modifications therein as shall be just and equitable." G.S. 156-40.

And it is only after a final adjudication and confirmation of the report of the Commissioners, that the proprietors of the several pieces of land

adjudged to be benefited by the improvement shall be declared a corporation, G.S. 156-41, and may proceed to organize and levy assessments in conformity with the provisions of G.S. 156-42.

The petitioner admits that it is not a corporation unless these essential statutory requirements were complied with in the Special Proceeding, known as No. 471, which was instituted in Pitt County, 18 January, 1886.

Therefore, it is necessary to determine whether or not that Special Proceeding shows a substantial compliance with the above statutes, and that the petitioner was created as a drainage corporation, pursuant to the petition, answer, Commissioners' report and order of confirmation entered therein.

It is disclosed by Special Proceeding No. 471, that J. J. Hathaway and wife, Rebecca Hathaway, filed a petition in the office of the Clerk of the Superior Court of Pitt County, in conformity with the provisions of Code 1297, Rev. 3983, now G.S. 156-2, to obtain permission to construct a canal from their swamp land, as authorized by Code 1305, Rev. 3990, now G.S. 156-10, across the lands of the defendants to a ditch or canal constructed by the defendants, and which drained their lands and emptied into Tar River. Each of the defendants was summoned to appear before the Clerk of the Superior Court of Pitt County. A hearing was held and Commissioners appointed, as authorized by Code 1297, Rev. 3983, now G.S. 156-2. The Commissioners went on the premises, as required by Code 1298, Rev. 3984, now G.S. 156-3, and reported that the petitioners were entitled to the relief sought; designated where the canal was to be cut, prescribed its width and depth; reported that the utility or safety of the defendants' canal or ditch would not be impaired or endangered by the petitioners draining their land in the manner set forth, nor would the defendants be damaged thereby. The only assessment authorized by the report was in the following language: "That whenever the defendants, or those who are owners of the canal upon the defendants' lands, shall clean out their entire canal the petitioners shall pay to them the sum of Fifteen dollars which we assess to be their proportionate part of said work."

The cause then came on for hearing before the Clerk of the Superior Court, upon the report of the Commissioners. The report was confirmed, and an order entered granting the petitioners an easement over the lands of the defendants and authorizing them to construct the canal "in the manner determined on and reported by the Commissioners," as provided in Code 1299, Rev. 3985, now G.S. 156-4.

There is nothing in this Special Proceeding from which it can be inferred that the parties either proceeded under the statutes relied on by

the petitioner or from which it might reasonably be inferred that a drainage corporation was created or intended to be created.

It would seem the petitioner and the petitioning proprietors assumed the corporate existence of the Canal Company when the improvements were undertaken in 1947. Such a corporation might have been organized and the assessments duly levied if the proprietors of the existing canal had proceeded in conformity with the provisions of G.S. 156-43.

It is argued that the judgment below should not be disturbed, since most of the assessments levied in 1947 and 1948 have been paid. However, that fact does not foreclose the right of the appellant to challenge the validity of the assessments. And we do not think it amiss to point out that counsel for the appellant, stated in the course of his argument before this Court, that the appellant is not resisting the payment of her rightful share of the cost of the improvements heretofore made, but is only insisting upon the determination of her proper share of the cost of these improvements in the manner provided by law.

In view of what we have said, and in the light of the statutes cited, it is our opinion that the petitioner has not only failed to show its existence as a drainage corporation, but has also failed to show substantial compliance with the statutes which authorize such assessments if it were a corporation. Therefore, the Court below should have found the facts as requested by the appellant and allowed her motion to affirm the order of the Clerk of the Superior Court and to dismiss the appeal.

This cause is remanded for judgment in accord with this opinion.

Error and remanded.