Civil action for permanent injunction against interference with use of easement in alleyway.
Plaintiffs allege in their complaint, and on the trial below offered evidence tending to show this state of facts:
In the year 1925 Montford Hills, Inc., called herein the developer, subdivided into blocks of building lots for residential purposes with *Page 384 
system of streets, a boundary of land which it owned in the western part of the city of Asheville, N.C. and caused a plat of the subdivision to be prepared and registered in the office of the register of deeds of Buncombe County. According to this plat a section designated as Block A was completely encircled by a street, Tacoma Circle, laid out to conform to the topography, and all the lots in this Block had in the main fifty feet frontage on said Circle — lots Nos. 1 to 12, both inclusive, on the north and west sides, lots Nos. 22 to 27, both inclusive, on the east and lots Nos. 14 and 15 on the south. Lots Nos. 1 to 4, both inclusive, run back to the north line of lot No. 27; lots Nos. 5, 6 and 7 run back to the northwest corner and west line of lot No. 27; the back lines of lots Nos. 8, 9, 10 and 11 join the back lines of lots Nos. 26, 25, 24 and 23; lots Nos. 12 and 14 join lot No. 11 on the south; and lots Nos. 15 and 22 join lot No. 23 on the south. But on the plat no alleyway was shown in this block.
However, in the summer of 1925, after Montford Hills, Inc., common source of title, had sold some of the lots above enumerated, it was discovered by the developer and others interested in purchasing property in the subdivision that certain of the lots in Block A on both sides of Tacoma Circle "by reason of their limited frontage and extreme elevation," could not be serviced by private driveways without great expense and effort.
Hence, in order to promote the sale of a number of unsold lots in this block and "to furnish to the then owners, subsequent purchasers and the general public, means of ingress, regress and egress," the developer, Montford Hills, Inc., and those owning lots, including the predecessors in title (a) of plaintiffs, who now own lots Nos. 24 and 25, (b) of defendants Ralph S. Skinkle and wife, Alvina T. Skinkle, who now own lot No. 3, and (c) of defendant R. F. Williams, who now owns lots Nos. 4 and 11, by written agreement dated 28 August, 1925, agreed to, and did lay out and establish a common alleyway eight feet in width to be used jointly by the then and subsequent owners of said lots above enumerated. But the written agreement has been lost and is not registered, and the plat on record is not amended to show the alleyway. Nevertheless, the alleyway so agreed upon was surveyed and located and cleared and graded by and at the expense of developer, Montford Hills, Inc. As so agreed upon, located and graded the alleyway extends southward from the north side of the block along, and four feet in width on each side of the dividing line between lots Nos. 3 and 4 to the north line of lot No. 27; then same width southwest across the northwest corner of lot No. 27 and the back portion of lots Nos. 4 and 5; then continuing southward along and four feet in width on each side of the dividing line between lots Nos. 6 *Page 385 
to 11, both inclusive, on the west, and Nos. 27, 26, 25, 24 and 23 on the east, with an extension at the south end of said dividing line eastwardly along the line between lots Nos. 15 and 27 to west line of lot No. 22; and then westwardly along and four feet in width on each side of the dividing line between lot 11 on the north side and lots 14 and 12 on the south to Tacoma Circle on the west side of the block.
Thereafter, owners of lots abutting on said alleyway, as so laid, located, graded and dedicated, constructed homes and garages thereon and improved same with reference to the use of the alleyway as the only entrance. And in the summer or early fall of 1925 the alleyway so located and constructed was dedicated to the use of the owners of lots which it touched, and has been kept open and used as the only entrance for persons and vehicles in going to and from their homes, and in the delivery of coal, wood and groceries, as well as mail and in the collection of garbage.
And the predecessors in title of defendants did not at any time, or in any manner, seek to revoke the dedication of the alleyway, and have acquiesced in the use of same as a common alleyway. But recently defendants have wrongfully placed barriers for both pedestrians and vehicles at both entrances to said alleyway, and have placed notices forbidding others to use same.
Further the parties stipulated: (1) That Montford Hills, Inc., is common source of title of all parties here concerned. (2) That the deeds from Montford Hills for lots 4 and 12 referred to the common driveway or alley for lots Nos. 3 to 12, both inclusive, 14, 15 and 22 to 27 inclusive in Block A. (3) That in no other deeds conveying lots subsequent to 28 August, 1925, nor in any of the deeds in the chain of title of defendants Skinkle, nor in the deed from plaintiffs' predecessor in title to them for lots 24 and 25, under which plaintiffs claim, is there any reference to the alleyway across said lots or reservation of any right of third parties in and to said alleyway, but they do convey the lot or lots, respectively, with "all privileges and appurtenances thereunto belonging." (4) Defendant Williams filed answer admitting ownership of lots Nos. 4 and 11 and the existence of an easement of four feet running across said lots, and judgment was taken against him as shown by the record.
Defendants Skinkle in answer filed deny the material allegations of the complaint, but admit the location of the alleyway and claim the use of it has been permissive only.
From judgment as of nonsuit at close of their evidence, plaintiffs appeal to Supreme Court and assign error. *Page 386 
The sole exception brought up for consideration on this appeal challenges the correctness of the ruling of the court below in sustaining defendants Skinkle's motion for judgment as in case of nonsuit. In the light of the principle enunciated in recent decision of this Court in the case of Packard v. Smart, handed down at Fall Term, 1944, and reported in224 N.C. 481, 31 S.E.2d 517, applied to the evidence in the present case, taken in the light most favorable to plaintiffs, we are of opinion that plaintiffs have offered sufficient evidence to carry the case to the jury. Hence, without discussing the subject further, the judgment below will be reversed on authority of Packard v. Smart, supra.
Reversed.