IN THE MATTER OF INCORPORATION OF WESTOVER CANAL LEADING FROM WESTOVER FARMS TO POLLY WALKER SWAMP.

(Filed 9 March, 1949.)

**1. Drainage Districts § 5—**

In order to constitute a valid drainage assessment it is necessary that the land assessed drain or flow into the canal, G.S. 156-43, and therefore on appeal to the Superior Court on a landowner's exceptions to order of the clerk confirming assessments as proposed by the commissioners, the drainage corporation has the burden of proving the number of acres of land the exceptor owns which drain into the canal and what amount said land should be assessed per acre. The fact that exceptor first introduced evidence, presumably on the theory that the order of the clerk made out a *prima facie* case, does not alter the rule as to the burden of proof.

**2. Evidence § 7a—**

The making out of a *prima facie* case does not change the burden of proof, but merely places the burden of going forward with the proof upon the adverse party unless he would run the risk of an adverse verdict.

**3. Trial § 13—**

The order of developing the case on trial in the Superior Court is largely addressed to the discretion of the trial judge.

**4. Same—**

Ordinarily, the party having the burden of proof first introduces his evidence, and then the opposing party introduces his, and then the first party introduces his evidence in rebuttal, but this is a rule of practice and not of law, and may be departed from whenever the court considers it necessary to promote a fair trial.

**5. Appeal and Error § 3—**

Where no error is found on plaintiff's appeal from judgment in defendant's favor, defendant's appeal on the ground that the entire proceeding was void, will be dismissed, since only the party aggrieved may appeal. G.S. 1-271.

APPEALS by Westover Canal Corporation and by exceptor Mattie R. Swain from *Bone, J.,* at October Term, 1948, of WASHINGTON.

Proceeding for incorporation of canal already constructed, and to provide for improvement and enlargement of the canal under the provisions of G.S. 156-43.

The record on appeal discloses these procedural facts : Mrs. Mattie R. Swain, and sixteen others, purporting to be proprietors of land drained by the existing canal, filed petitions seeking the relief provided by the statute.

Thereupon, the Clerk of Superior Court appointed certain named commissioners with directions to make inquiry into the allegations of the petition and report to the court touching certain enumerated matters as specified in the statute.

Thereafter the commissioners made report showing route and plan of the proposed improvement of canal, together with their findings as to lands benefited, including 31 acres of Mattie R. Swain, and the amount of assessments recommended, etc. Ten of the seventeen petitioners, other than Mattie R. Swain, representing specified acreage, consented to the report. But Mattie R. Swain filed exceptions to the report for that, as she asserted, among other things, the improvement of the canal as proposed will in no wise benefit her lands.

Thereafter the Clerk of Superior Court, by order signed, granted the petition for incorporating the district, approved the report of the commissioners in all respects, called a meeting of the corporators for purpose

of organization, and ordered that notice issue to each of the petitioners, of the acreage sought to be assessed and the amount of the proposed assessment,—fixing a date for hearing thereon.

The assessments, as proposed in the report of the commissioners, as to lands of Mattie R. Swain, and of others, were ratified and approved and levied by the Board of Directors of the corporation, Westover Canal, Incorporated, and certified to the Clerk of Superior Court to be by him docketed so as to become liens on their lands as provided by law.

Thereafter the cause coming on for hearing on the exceptions of Mattie R. Swain, the Clerk of Superior Court, by signed order, overruled her exceptions and approved and confirmed the assessment as proposed by the commissioners and the Board of Directors of the corporation as to her land. The assessment was declared a lien upon her land. Mattie R. Swain objected and excepted to each and every part of this order, and gave notice of appeal to Superior Court in term time. Thereupon, on said date, the clerk ordered that the cause be transferred to Superior Court for trial in term time by the jury as provided by law.

Mrs. Swain tendered these issues as properly arising in the matter for trial by the jury:

"1. Is this proceeding void?

"2. Will the lands of Mrs. Mattie R. Swain be damaged by the proposed improvement of the Westover Canal, and, if so, in what amount?

"3. Should the land of Mrs. Mattie R. Swain be assessed in any amount for the proposed improvement of the Westover Canal?

"4. If so, in what amount per acre?"

The record of the case on appeal shows that when the case came on for hearing in Superior Court Mattie R. Swain first offered evidence tending to show that the proposed canal, as constructed, was so located that it did not afford drainage for her land. When she rested the canal corporation moved for judgment as of nonsuit. The motion was denied, and the canal corporation excepted. Exception 1.

Then the canal corporation offered its evidence and rested its case.

Thereupon, Mattie R. Swain offered other evidence, and rested her case.

Then the canal corporation renewed its motion for judgment as of nonsuit. The motion was denied and it excepted. Exception 3.

The case was submitted to the jury, upon issues tendered by the canal corporation, and the presiding judge ruled, and charged the jury, among other things, that burden of proof as to both these issues is on the Westover Canal Corporation to satisfy the jury by the greater weight of the evidence that the facts are as contended by said canal corporation. Exception 4. To like effect are portions of the charge to which Exceptions 5 and 6 relate.

The issues submitted to the jury, and the answers thereto, are these:

"1. How many acres of land of Mattie R. Swain, if any, drain into the Westover Canal? Answer: None.

"2. In what amount should the said land be assessed per acre for the payment of the drainage costs and other costs incident to creating the drainage corporation? Answer: None."

Judgment was entered upon the verdict, and the cause ordered to be remanded to Clerk of Superior Court for further proceeding, etc.

In the judgment, however, it is recited: "During the progress of the trial counsel for the Exceptor, Mattie R. Swain, moved to dismiss the entire proceeding for irregularities appearing in the record and in the evidence. The motion was denied by the court and counsel for Exceptor excepted thereto."

From the judgment Westover Canal, Incorporated, and Mattie R. Swain, respectively, appeal to Supreme Court, and assign error.

*Norman & Rodman for Canal Corporation, appellant.*
*W. L. Whitley for Mattie R. Swain, appellant.*

### APPEAL BY WESTOVER CANAL, INCORPORATED.

WINBORNE, J. This appeal challenges the ruling of the trial judge that Westover Canal, Incorporated, has the burden of proof on the issues submitted to the jury. This presents the determinative question. A reading of the statute, G.S. 156-43, in the light of applicable principles of law negatives the challenge, and furnishes authority for the ruling.

The general rule is well settled that a special assessment for the purpose of drainage can be levied only upon property benefited by the improvement. It is said that the legal theory underlying drainage assessments is one of benefit increasing the value of the land and justifying its assessment. 28 C.J.S. 409, Drainage, Sec. 59.

Where it clearly appears that the canal will neither drain a particular tract of land nor render it more accessible, there is no valid reason for including it in the district, and if it is nevertheless arbitrarily made a part thereof, the owner may obtain relief. 17 Am. Jur. 791, Drains & Sewers, Sec. 20.

Indeed, the statute, G.S. 156-43, under which this proceeding is instituted, requires that the petition shall set forth "the name of the owners of land draining in such canal and the quantity of land tributary thereto," and that "assessments shall be made on the land tributary to the canal." The word tributary, as defined by Webster, means "a stream feeding a larger stream." Hence as here used the phrases "land tributary thereto" and "land tributary to the canal" mean land from which water drains or flows into the canal. And the statutory provisions determine the prop-

erty liable to drainage assessment. Hence to constitute a valid assessment the particular land against which it is levied must come within the meaning of the statute. And the statute gives to any person dissatisfied with an assessment the right to appeal to a jury at a regular term of the Superior Court of the county. In such event, it would seem that the authority undertaking to establish the assessment would still have the burden of proving the provisions of the statute essential to the creation of a valid assessment. It may be that the order of the Clerk of Superior Court approving and confirming the assessment as proposed by the commissioners and the Board of Directors of the corporation creates a *prima facie* case. But "a *prima facie* case, or *prima facie* evidence, does not change the burden of proof. It stands until its weight is met by evidence to the contrary. The opposing party, however, is not required as a matter of law to offer evidence in reply. He only takes the risk of an adverse verdict if he fail to do so . . . Hence, when such *prima facie* case is made out, the duty of going forward with evidence in reply, if the opposing party would not hazard the chance of an adverse verdict, is shifted or rather cast upon the opposite side." *Speas v. Bank,* 188 N.C. 524, 125 S.E. 398. See also *Vance v. Guy,* 224 N.C. 607, 31 S.E. 2d 766.

Moreover, the order of developing the case on trial in Superior Court is a matter largely addressed to the discretion of the trial judge. *D'Armour v. Hardware Co.,* 217 N.C. 568, 9 S.E. 2d 12. The ordinary rule in presenting the facts in evidence to the jury is for the plaintiff, or party having the burden of proof, to introduce his evidence, then for the defendant, or opposing party, to introduce his evidence, and then the plaintiff's evidence in rebuttal. This is a rule of practice, and not a rule of law, and it may be departed from whenever the court considers it necessary to promote a fair trial. McIntosh N. C. P. & P. in Civil Cases, Sec. 564, p. 711.

All assignments of error presented by Westover Canal, Incorporated, have been given due consideration, and, except as hereinabove set forth, require no treatment, and, on this appeal there is

No error.

### APPEAL OF MATTIE R. SWAIN:

Mattie R. Swain, on her appeal, presents this question: "Is the assessment sought to be levied herein void?"

Since only parties aggrieved may appeal in cases prescribed by law, G.S. 1-271, this appeal must be dismissed.

Appeal dismissed.

On appeal of Westover Canal, Inc.—No error.

On appeal of Mattie R. Swain—Appeal dismissed.