CITY OF STATESVILLE, A MUNICIPAL CORPORATION v. CREDIT AND LOAN COM-
PANY, A CORPORATION OF THE STATE OF NORTH CAROLINA; W. S. NICHOLSON,
AND SPOUSE, IF ANY, AND IF THEY BE DECEASED, THEN THEIR UNKNOWN HEIRS, AND IF
ANY OF SAID UNKNOWN HEIRS BE DECEASED, THEN THEIR RESPECTIVE HEIRS,
DEVISEES, ASSIGNEES, AND SPOUSES, IF ANY; AND THE UNKNOWN HEIRS OF MINNIE
BRAWLEY, FLORENCE CAMP, MOLLIE ALEXANDER, AND LULA H.
LORD, DECEASED, AND IF ANY OF THEIR UNKNOWN HEIRS BE DECEASED, THEN THEIR
RESPECTIVE HEIRS, DEVISEES, ASSIGNEES, AND SPOUSES, IF ANY; AND ALL OTHER PER-
SONS, FIRMS, OR CORPORATIONS WHO NOW HAVE, OR MAY HEREAFTER HAVE, ANY
RIGHT, TITLE, CLAIM, OR INTEREST, IN THE REAL ESTATE DESCRIBED HEREIN, WHETHER
SANE OR INSANE, ADULT OR MINOR, *IN ESSE*, OR *IN VENTRE SA MERE*, ACTIVE CORPORA-
TIONS OR DISSOLVED CORPORATIONS, FOREIGN OR DOMESTIC.

No. 8122SC645

(Filed 7 September 1982)

1. **Wills § 36.2; Deeds § 15.1— avigation easement—terminated when condition of defeasible fee not fulfilled**

Where plaintiffs claim their title through a Bertha Murdock, and Bertha held "an estate in fee simple . . . defeasible upon [her] death . . . without bodily heirs," she held only a defeasible fee, and her successor in title could convey to plaintiff only a defeasible fee in an avigation easement. When Bertha died "without bodily heirs," plaintiff's avigation easement terminated.

2. **Aviation § 1; Easements § 6— avigation easement by prescription—no genuine issue as to adverse nature of overflights**

Plaintiff failed to show an avigation easement over property in question by prescription where defendants offered affidavits which showed that overflights of airplanes neither "interfere[d] with the . . . existing use" of the property nor endangered persons or property below, and where plaintiff offered no forecast of evidence which indicated that planes overflew defendant's property at such heights "as to interfere with the then existing use" of the land or airspace, or "as to be injurious to the health and happiness, or imminently dangerous to persons or property lawfully on the land." G.S. 63-13.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 9 March 1981 in Superior Court, IREDELL County. Heard in the Court of Appeals 2 March 1982.

Plaintiff brought this action to condemn certain land for use in the enlargement of its municipal airport. It appeals from a partial summary judgment decreeing defendant Credit and Loan Company (hereafter defendant) the "sole and exclusive fee simple owner" of the land.

*Charles C. Green, Jr., for plaintiff appellant.*

*McElwee, Hall, McElwee & Cannon, by E. Bedford Cannon, for defendant appellee.*

WHICHARD, Judge.

The sole issue is whether plaintiff has a valid avigation easement over land owned by defendant. We affirm the partial summary judgment decreeing defendant's ownership free of encumbrances.

[1] Plaintiff contends it has an avigation easement over the property in question by deed. It claims the easement pursuant to the following chain of title: Bertha Murdock had title in fee simple absolute, which she conveyed to one Smyre. Smyre in turn conveyed to one Nicholson, and Nicholson deeded an avigation easement to plaintiff.

Because the Supreme Court has previously determined that Bertha Murdock's title was not in fee simple absolute, but "an estate in fee simple . . . defeasible upon [her] death . . . without bodily heirs," *Murdock v. Deal,* 208 N.C. 754, 756, 182 S.E. 466, 467 (1935), and because the uncontradicted facts establish that Bertha Murdock died without bodily heirs, this argument must fail. Both plaintiff and defendant claim their interest in the property through Bertha Murdock. They thus are in privity with her. The questions and facts at issue here as to Bertha Murdock's title to the property are identical to those considered and determined in *Murdock v. Deal, supra.* The decision there is thus *res judicata* here on the issue of Bertha Murdock's interest. *See Shaw v. Eaves,* 262 N.C. 656, 661, 138 S.E. 2d 520, 525 (1964); *Masters v. Dunstan,* 256 N.C. 520, 124 S.E. 2d 574 (1962). Because Bertha Murdock held only a defeasible fee, her successor in title,

Nicholson, could convey to plaintiff only a defeasible fee in the avigation easement. When Bertha Murdock died "without bodily heirs," plaintiff's avigation easement thus terminated.

[2] Plaintiff contends in the alternative that it has a valid avigation easement over the property in question by prescription. It makes no claim that an avigation easement has been taken by exercise of the power of eminent domain. *See, e.g., United States v. Causby*, 328 U.S. 256, 90 L.Ed. 1206, 66 S.Ct. 1062 (1946); *Cochran v. City of Charlotte*, 53 N.C. App. 390, 281 S.E. 2d 179 (1981). The constitutional dimensions of a property owner's interest in the airspace above his property thus are not implicated, and the common and statutory law of North Carolina determine the issue.

The common law of North Carolina establishes that (1) use of a way over another's property is presumed permissive until proven adverse; (2) the burden of proving the elements necessary to establish a prescriptive easement is on the party claiming it; (3) to establish a prescriptive easement the use of the other's property must be (a) adverse, hostile, or under a claim of right, (b) open and notorious, and (c) continuous and uninterrupted for twenty years; and (4) there must be substantial identity of the easement claimed. *Dickinson v. Pake*, 284 N.C. 576, 580-81, 201 S.E. 2d 897, 900-01 (1974). The statutory law of North Carolina establishes that

[f]light in aircraft over the lands and waters of this State is lawful, unless at such a low altitude as to interfere with the then existing use to which the land or water, or the space over the land or water, is put by the owner, or unless so conducted as to be injurious to the health and happiness, or imminently dangerous to persons or property lawfully on the land or water beneath.

G.S. 63-13. It is, then, lawful for airplanes to fly over property in this state unless done in the manner proscribed by G.S. 63-13. *Wall v. Trogdon*, 249 N.C. 747, 753, 107 S.E. 2d 757, 761 (1959).

A use, to be adverse, must be over property as to which another possesses the right of lawful control. G.S. 63-13 restricts the right of defendant to control the airspace over its property. Plaintiff thus, to establish adverse use, had the burden of proving that planes overflew defendant's property at such heights "as to

interfere with the then existing use" of the land or airspace, or "as to be injurious to the health and happiness, or imminently dangerous to persons or property lawfully on the land." G.S. 63-13.

In support of its motion for summary judgment defendant offered the affidavit of an inhabitant of property adjacent to its property. The affidavit stated: "[F]rom time to time planes leaving the airport do fly over [defendant's] property. The same planes fly over all of the adjoining property at varying heights and the manner in which they fly does not indicate any right of ownership . . . ." Other affidavits offered by defendant established that its property was used for farming purposes prior to the death of Bertha Murdock in 1955, and that management and use of the land for farming and as a source of rental income had continued without interruption from 1955 through 1976. These affidavits showed that overflights of airplanes neither "interfere[d] with the . . . existing use" of the property nor endangered persons or property below.

Upon this showing by defendant, plaintiff could not "rest upon the mere allegations . . . of [its] pleading, but [its] response . . . [had to] set forth specific facts showing that there [was] a genuine issue for trial." G.S. 1A-1, Rule 56(e). Plaintiff, however, offered no forecast of evidence of specific facts in response. There thus was no genuine issue as to the adverse nature of any overflights of defendant's property; and because use adverse to defendant's ownership rights was an essential element of plaintiff's claim to a prescriptive easement, *Dickinson, supra*, partial summary judgment for defendant was properly entered. *See, e.g., Real Estate Trust v. Debnam*, 299 N.C. 510, 513, 263 S.E. 2d 595, 598 (1980).

Affirmed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.

Judge MARTIN (Harry C.) concurred in this opinion prior to his resignation from this Court on 3 August 1982 to assume the position of Associate Justice of the Supreme Court of North Carolina.