SHIRLEY HAYES WRIGHT v. AMERICAN GENERAL LIFE INSURANCE COMPANY

No. 8117SC1343

(Filed 7 December 1982)

1. **Evidence § 24; Rules of Civil Procedure § 32— admissibility of deposition**

   The trial court did not err in admitting the deposition of a psychiatrist who had treated decedent in a hospital in Virginia where the court made findings and conclusions based upon supporting evidence that the witness was employed at a Virginia hospital, had his office in Virginia, and resided in Virginia; that counsel had been unable to procure the voluntary appearance of the witness; that the witness was not within the jurisdiction of the court and thus was not amenable to service of its process; and that defendant had been unable to procure attendance of the witness by subpoena. G.S. 1A-1, Rule 32(a)(4); G.S. 8-83.

2. **Evidence § 29.3— information from medical records—admission prior to introduction of records**

   Where medical records were properly admitted into evidence, plaintiff was not prejudiced by the admission, prior to the introduction of the records themselves, of testimony regarding information derived from the records.

**3. Evidence § 29.3— hospital records—admissibility under business records exception to hearsay rule**

Admission and discharge summaries relating to decedent's treatment at a Virginia hospital were properly admitted into evidence under the business records exception to the hearsay rule where the record established that a medical witness was decedent's treating physician; that the witness had practice privileges in the hospital from which the admission and discharge summaries came; that he dictated the admission summary on the date of decedent's admission to the hospital; that the admission summary was prepared under his direction and signed by him; that he identified the discharge summary as a part of the hospital's records; and that the discharge summary was obtained by him and prepared at his direction.

**4. Evidence §§ 34.1, 50— statements in hospital records—admission against interest—basis for diagnosis**

In an action to recover the proceeds of a life insurance policy, statements in hospital records attributed to plaintiff relating to decedent's drinking habits were admissible as admissions of a party, and statements in the hospital records attributed to plaintiff's father were admissible for the purpose of showing the basis of a medical witness's diagnosis.

**5. Evidence § 14— physician-patient privilege—waiver in insurance application**

Decedent waived the physician-patient privilege by his execution of an application for life insurance containing an authorization for any licensed physician to give information concerning his health to defendant insurer, and this waiver was binding upon plaintiff as beneficiary of the life insurance policy. Therefore, testimony by a medical witness regarding his diagnosis and the medical history he obtained from decedent was admissible without a finding by the court that disclosure of such information was "necessary to a proper administration of justice." G.S. 8-53.

**6. Insurance § 18.1— life insurance—insured's use of alcohol after application—evidence not prejudicial**

Although hospital records and testimony by a physician relating to decedent's use of alcohol during the period between his application for life insurance and his death over two years later may have been irrelevant to the issue before the jury as to whether decedent misrepresented that he was not an excessive user of alcohol when he applied for the insurance, the admission of such evidence was not prejudicial error where plaintiff herself testified to decedent's heavy drinking in the months preceding his death.

**7. Insurance § 18.1— life insurance—misrepresentation as to excessive use of alcohol**

In an action to recover the proceeds of an insurance policy on the life of plaintiff's deceased husband, the evidence was sufficient to support the jury's finding that decedent had misrepresented to defendant insurer in his insurance application that he was not an excessive user of alcohol.

---

Wright v. American General Life Ins. Co.

---

8. **Insurance § 18.1—  life insurance application—no waiver of misrepresentation as to alcohol use**

　　Defendant insurer did not waive a misrepresentation in decedent's life insurance application as to his excessive use of alcohol by its failure to make inquiries of decedent's doctors concerning his alcohol use.

APPEAL by plaintiff from *Albright, Judge.* Judgment entered 24 July 1981 in Superior Court, SURRY County. Heard in the Court of Appeals 22 September 1982.

Plaintiff sought to recover the proceeds of an insurance policy on the life of her deceased husband (hereafter "decedent"). A single issue was submitted to and answered by the jury as follows:

"Was the representation by [decedent] to the defendant that he had not been treated for and had not had any known indication of excessive use of alcohol false?

Answer: Yes."

Plaintiff appeals from a judgment on the verdict denying recovery and taxing her with the costs.

*Faw, Folger, Sharpe and White, by W. Thomas White and T. Richard Pardue, Jr., for plaintiff appellant.*

*Gardner, Gardner, Johnson, Etringer & Donnelly, by G. L. Donnelly, Sr., for defendant appellee.*

WHICHARD, Judge.

Plaintiff's contentions relate primarily to evidentiary rulings. We find no error.

[1] Plaintiff first contends the court erred in admitting the deposition of a psychiatrist at a hospital in Virginia who had treated decedent for withdrawal from alcohol use. She argues that defendant failed to establish any of the conditions for use of depositions in court proceedings provided by G.S. 1A-1, Rule 32(a)(4).

G.S. 1A-1, Rule 32(a)(4) (Cum. Supp. 1981) provides, *inter alia,* that a deposition may be used in court proceedings when "the party offering the deposition has been unable to procure the attendance of the witness by subpoena." G.S. 8-83(2) provides that a

deposition may be read at trial "[i]f the witness is a resident of . . . another state, and is not present at the trial." Insofar as it does not conflict with G.S. 1A-1, Rule 32, G.S. 8-83 remains in effect. *See Nytco Leasing v. Southeastern Motels,* 40 N.C. App. 120, 124-26, 252 S.E. 2d 826, 830 (1979).

While the record does not clearly establish that the witness in question resides in Virginia, it contains indications that he does, and it presents no evidence to the contrary. Further, it is uncontroverted that at time of trial the witness was licensed to practice medicine in Virginia, had privileges to practice in the Virginia hospital where decedent had been treated, had offices in Virginia, and was then present in Virginia. Counsel for defendant represented to the court that at the time the deposition was taken the witness had "indicated that he would not care to come to North Carolina to testify voluntarily." Counsel also represented that he had written the witness requesting his voluntary attendance at trial, and that the witness had replied that counsel "already ha[d] the record and [his] deposition so [he felt] that [he] would have little to offer as a witness."

The foregoing sufficed to support the court's findings and conclusions that the witness was employed at a Virginia hospital, had his office in Virginia, and resided in Virginia; that the witness had declined to appear voluntarily to testify at trial; that counsel had been unable to procure the voluntary appearance of the witness; that the witness was not within the jurisdiction of the court and thus was not amenable to service of its process; and that defendant had been unable to procure attendance of the witness by subpoena. These findings and conclusions in turn sufficed to establish that "[n]othing else appearing, [the witness] being beyond the reach of a subpoena, the defendant [could] take his deposition for use at the trial." *Transportation, Inc. v. Strick Corp.,* 291 N.C. 618, 624, 231 S.E. 2d 597, 601 (1977). Given the facts established and found, defendant's failure formally to subpoena the witness is immaterial. "The law will not require a vain thing." *R.R. v. R.R.,* 240 N.C. 495, 515, 82 S.E. 2d 771, 785 (1954). *See also State v. Dawkins,* 262 N.C. 298, 301, 136 S.E. 2d 632, 635 (1964). Defendant sufficiently established "that a reasonable effort [had] been made to . . . get [the witness] to court," W. Shuford, *North Carolina Civil Practice and Procedure* § 32-8 (2d ed. 1981),

Wright v. American General Life Ins. Co.

and under the circumstances presented it was not error to admit the deposition.

[2] Plaintiff next contends the court erred in admitting the deposition testimony of this witness regarding decedent's drinking habits. The witness was asked, "What information, if any, concerning [decedent's] prior drinking habits did you obtain from [decedent] himself?" He answered, over objection:

> Okay, all that I can do, I can't say that I remember specifically asking over what period of months or years that you have used alcohol and how but the way that I dictated this about all that I got out of him and the other people was that this was an episode of some few months and if I asked it I didn't record it so—

Plaintiff's counsel lodged a further objection, which was overruled, and the answer continued:

> That is all that I can say is five to eight fifths of booze for the past few months and evidently I was not impressed with anything else because I was not suspicious enough to write down, "In spite of what they say I suspect otherwise," whatever, so I can do no more than say that I go by what I wrote down.

Plaintiff argues this testimony should not have been admitted because (1) the witness had no independent recollection of decedent's drinking habits, and (2) defendant failed to lay a proper foundation for introduction of the medical records from which the witness derived the information to which he testified. In light of our holding, *infra*, that the medical records themselves were properly admitted, we perceive no possible prejudice to plaintiff in the admission, prior to introduction of the records themselves, of this testimony regarding information derived from the records.

[3] Plaintiff next contends the court erred in admitting the admission and discharge summaries from the Virginia hospital. She argues that they constituted hearsay evidence, and that defendant failed to lay a proper foundation for their introduction pursuant to the business records exception to the hearsay rule.

Hospital records are properly admitted as exceptions to the hearsay rule when they qualify as entries in the regular course of

business. *E.g., Sims v. Insurance Co.,* 257 N.C. 32, 35, 125 S.E. 2d 326, 328-29 (1962). Business records are admissible if the entries are made in the regular course of business at or near the time of the events recorded, are original entries, are based on the personal knowledge of the individual making the entries, and are authenticated when introduced by a witness familiar with the system under which they were made. *Sims, supra,* 257 N.C. at 35, 125 S.E. 2d at 329; *Piedmont Plastics v. Mize Co.,* 58 N.C. App. 135, 137, 293 S.E. 2d 219, 221 (1982); 1 *Brandis on North Carolina Evidence* § 155 (2d rev. ed. 1982).

The record establishes that the deposed medical witness was decedent's treating physician; that he had practice privileges in the hospital from which the admission and discharge summaries came; that he dictated the admission summary on the date of decedent's admission to the hospital; that the admission summary was prepared under his direction and signed by him; that he identified the discharge summary as a part of the hospital's records; that the discharge summary was obtained by him and prepared at his direction; and that he testified to these matters in his deposition. The summaries thus were properly admitted under the business records exception to the hearsay rule.

[4] Plaintiff further contends that, even if these records were generally admissible, they contained statements by plaintiff and her father relating to decedent's drinking habits which should have been excluded as "hearsay on hearsay." "Anything that a party to the action has done, said or written, if relevant to the issues and not subject to some specific exclusionary statute or rule, is admissible against him as an admission." 2 *Brandis on North Carolina Evidence* § 167, p. 6 (2d rev. ed. 1982). *See, e.g., Ballance v. Wentz,* 286 N.C. 294, 301-02, 210 S.E. 2d 390, 394-95 (1974); *Board of Education v. Lamm,* 276 N.C. 487, 491, 173 S.E. 2d 281, 284 (1970). The statements attributed to plaintiff were thus admissible as admissions of a party. The statements attributed to plaintiff's father were admissible for the purpose of showing, in part, the basis for the deposed medical witness' diagnosis.

A physician, as an expert witness, may give his opinion, including a diagnosis, based either on personal knowledge or observation or on information supplied him by others, including the patient, if such information is inherently reliable

even though it is not independently admissible into evidence. . . . If his opinion is admissible the expert may testify to the information he relied on in forming it for the purpose of showing the basis of the opinion.

*State v. Wade,* 296 N.C. 454, 462, 251 S.E. 2d 407, 412 (1979). This medical witness testified that decedent "was admitted primarily on the information gained when [plaintiff] and [her father], and myself were in the . . . room." The court on two occasions instructed the jury that the statements of plaintiff's father were to be considered only insofar as they tended to show the basis for this medical witness' diagnosis, and that they were not to be considered as substantive evidence. The statements, with these limiting instructions, were properly admitted.

Plaintiff further contends it is unclear whether some statements were attributed to plaintiff or to her father; that whether the statements were admissible as substantive evidence or only as the basis for medical diagnosis thus was indeterminable; and that the statements therefore should have been excluded entirely. Because the records contained substantially identical statements attributed to plaintiff and her father individually, we perceive no prejudice from the admission of the statements attributed to them collectively.

[5] Plaintiff next contends that testimony by a second medical witness regarding his diagnosis and the medical history he obtained from decedent fell within the physician-patient privilege, and was improperly admitted because the court failed to find that disclosure was "necessary to a proper administration of justice." G.S. 8-53. The application for the policy, which was executed by decedent and witnessed by plaintiff, contained the following authorization: "I hereby authorize any licensed physician . . . that has any records or knowledge of me or my health . . . to give to [defendant] any such information." By execution of this authorization decedent waived the physician-patient privilege, and this waiver was binding upon plaintiff as beneficiary of the policy. *See Fuller v. Knights of Pythias,* 129 N.C. 318, 40 S.E. 65 (1901) (waiver there expressly bound beneficiaries and expressly allowed physician to disclose information at trial). The physician-patient privilege thus did not bar this testimony, and the court was not required as a prerequisite to its admission to find that disclosure

of the information was "necessary to a proper administration of justice."

Plaintiff also contends that decedent's statements to this medical witness were not relevant to the witness' diagnosis and consequently were not admissible as a basis for the diagnosis. The witness testified that decedent had told him he "had drunk about two fifths a week." He further testified that this

> medical history aided me in the diagnosis of this case. My diagnosis of leukoplakia was one of direct vision along with the history obtained in this particular case that he was smoking and consuming alcohol. Both of these are quite important in arriving at the diagnosis. . . . I subsequently treated [decedent] for leukoplakia and the treatment consisted of . . . [inter alia], stopping drinking . . . .

This demonstrates the clear relevance of this evidence to the witness' diagnosis. The evidence thus was properly admitted. *See State v. Wade, supra.*

[6] Plaintiff next contends the court erred in admitting the admission and death summaries, as well as testimony by an attending physician, insofar as they related to decedent's use of alcohol during the period between his application for insurance and his death over two years later. She argues that this evidence was irrelevant to the issue before the jury, *viz.,* whether decedent was an excessive user of alcohol when he applied for the insurance.

Assuming, without deciding, that this evidence related to a time too remote to the application to be relevant, we nevertheless perceive no prejudice from its admission, because plaintiff herself testified to decedent's heavy drinking in the months preceding his death. Evidence of the same import was thus before the jury even if this evidence had been excluded.

Plaintiff next contends the court erred in admitting a medical witness' testimony on redirect that plaintiff had, at an unspecified time, sought his advice regarding decedent's drinking. This witness had, however, testified without objection to the same information on direct examination. "It is the well established rule . . . that when incompetent evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily

lost . . . ." *State v. Rogers*, 275 N.C. 411, 432, 168 S.E. 2d 345, 358 (1969), *cert. denied*, 396 U.S. 1024, 90 S.Ct. 599, 24 L.Ed. 2d 518 (1970), *quoting Jones v. Bailey*, 246 N.C. 599, 602, 99 S.E. 2d 768, 771 (1957). The objection here thus was ineffectual.

Plaintiff next contends that, even if the testimony of the medical witnesses was relevant, its prejudicial effect outweighed its probative value. The contention is without merit.

[7] Plaintiff next contends the court erred in failing to grant judgment notwithstanding the verdict or, alternatively, a new trial on the ground of insufficient evidence to support the jury's conclusion. We find ample competent evidence to support the finding that decedent falsely represented his excessive use of alcohol.

[8] Plaintiff next contends that "defendant could have discovered [decedent's alcohol use] upon reasonable inquiry of [his] doctors . . . [and its] failure to make such inquiry constitutes a waiver of the defect in the application." She relies on the following principle:

> 'In general, any act, declaration, or course of dealing by the insurer, with knowledge of the facts constituting a cause of forfeiture . . . which recognizes and treats the policy as still in force and leads the person insured to regard himself as still protected thereby will amount to a waiver of the forfeiture . . . and will estop the insurer from insisting on the forfeiture or setting up the same as a defense when sued for a subsequent loss. Such waiver may be inferred from acts as well as from words. Acts of an insurance company in recognizing a policy as a valid and subsisting contract, and inducing the insured to act in that belief and incur trouble or expense, is a waiver of the condition under which the forfeiture arose.' [Citation omitted.]

*Gouldin v. Insurance Co.*, 248 N.C. 161, 164, 102 S.E. 2d 846, 848 (1958).

No evidence was offered at trial which tended to show that defendant engaged in "any act, declaration, or course of dealing" with knowledge or notice of decedent's misrepresentations. Nor was any waiver or estoppel issue requested or submitted to the jury. *See Foods, Inc. v. Super Markets*, 288 N.C. 213, 225, 217 S.E.

---

2d 566, 575 (1975) ("[T]he right to have an issue of fact determined by the jury is waived unless a party demands its submission before the jury retires."). There is thus no basis for this contention.

Plaintiff finally contends the court erred in awarding expert witness fees, since the witnesses were not under subpoena, "a condition precedent to the taxing of expert witness fees." *Redevelopment Comm. v. Weatherman*, 23 N.C. App. 136, 139, 208 S.E. 2d 412, 414 (1974). *See* G.S. 7A-314. The subpoenas to these witnesses have been added to the original record on appeal, and plaintiff on oral argument waived this contention.

No error.

Judges MARTIN (Robert M.) and ARNOLD concur.