EDWIN F. PINNER v. SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, A NEW YORK CORPORATION

No. 8228SC51

(Filed 4 January 1983)

1. **Rules of Civil Procedure § 42; Trial § 14— severance of alternate claims—order of proof**

   In an action seeking damages for trees cut by defendant on plaintiff's property wherein defendant alleged that it had acquired a prescriptive easement to enter upon plaintiff's land to maintain its transmission lines thereon and, alternatively, requested that it be granted a permanent easement by eminent domain, the trial court did not abuse its discretion in severing the issue of prescriptive easement and proceeding on that issue alone. Furthermore, the trial court did not alter the defendant's burden of proving a prescriptive easement by having plaintiff proceed with his proof first. G.S. 1A-1, Rule 42(b).

2. **Evidence § 29.2— business records—insufficient foundation—admission as harmless error**

   Testimony by defendant's witness did not qualify records regarding the placement and construction of defendant's telephone poles for admission as business records where the witness offered no evidence that the entries were based on the personal knowledge of the individual making them or that they were made at or near the time the poles were placed and constructed. However, the admission of such records was not prejudicial error where their only relevance was to show that defendant's poles had existed on plaintiff's property for at least 20 years, and that fact was testified to by other witnesses.

**3. Adverse Possession § 24— belief that entry was pursuant to easement—inadmissibility**

In an action involving defendant telephone company's alleged prescriptive easement to enter upon plaintiff's land to maintain its transmission lines thereon, testimony as to whether defendant's employees believed a written easement existed when they entered upon plaintiff's land to maintain the telephone lines was not admissible to show that defendant's entry was not under a "claim of right" where defendant did not rest its claim of prescriptive easement upon any written deed or agreement purporting to convey a right to enter upon plaintiff's land.

**4. Trial § 11.3— order of jury arguments**

The order of jury arguments is determined by the trial court, and its decision is final. Rule 10, General Rules of Practice for the Superior and District Courts.

**5. Adverse Possession § 25.3— cross-easements serving adjoining properties—instruction not required**

In an action involving whether defendant telephone company had acquired a prescriptive easement to enter upon plaintiff's land to maintain its transmission lines thereon, the evidence did not require the trial court to give plaintiff's requested instruction on the passage of cross-easements serving adjoining properties developed in relation to each other.

**6. Trial § 41— refusal to submit tendered issue**

The trial court did not err in refusing to submit an issue tendered by defendant where the issues submitted were sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause.

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 21 August 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 9 November 1982.

Plaintiff brought this action seeking damages for trees cut by defendant on plaintiff's property. Defendant answered and defended on the ground, *inter alia,* that it had acquired a prescriptive easement to enter upon plaintiff's land to maintain its transmission lines thereon. Defendant further requested that, if no prescriptive easement was found, it be granted a permanent easement by eminent domain.

Plaintiff appeals from a judgment entered on a jury verdict finding that defendant had acquired a prescriptive easement.

*Cecil C. Jackson, Jr., for plaintiff appellant.*

*Roberts, Cogburn & Williams, by Isaac N. Northup, Jr. and James W. Williams, for defendant appellee.*

WHICHARD, Judge.

[1] Plaintiff contends the court erred in severing the issue of prescriptive easement and proceeding to trial on that issue alone. The court expressly based its decision on these factors: (1) an action for eminent domain involves the assessment of damages, whereas the primary issue regarding prescriptive easement is whether a right-of-way has been established; (2) only if the jury finds no prescriptive easement does an issue of damages for trespass arise, and (3) the jury could be "tainted" by evidence admissible as to one issue only.

The decision to sever issues is in the discretion of the trial judge. *Board of Transportation v. Royster*, 40 N.C. App. 1, 5, 251 S.E. 2d 921, 924 (1979); *Insurance Co. v. Transfer, Inc.*, 14 N.C. App. 481, 484, 188 S.E. 2d 612, 614 (1972); G.S. 1A-1, Rule 42(b). The court here set forth on the record sound reasons for its decision, and we find no abuse of discretion.

Plaintiff contends that the issue of prescriptive easement originated as an affirmative defense on which defendant had the burden of proof; and that by severing this issue and having plaintiff proceed with his proof first, "the court procedurally placed the burden on plaintiff," even though it instructed that defendant had the substantive burden of proving a prescriptive easement.

Plaintiff confuses the order of proof with the burden of proof. The order of presentation of proof is in the discretion of the court. *In re Westover Canal*, 230 N.C. 91, 95, 52 S.E. 2d 225, 228 (1949). The record here reflects no abuse of discretion, particularly considering that the ordinary practice is for the plaintiff to proceed first. *Id.* This procedural matter does not alter the burden of proof, which plaintiff concedes was clearly placed on defendant in the jury instructions.

[2] Plaintiff assigns error to the admission of photocopies of defendant's "pole records" regarding the placement and construction of telephone poles. He acknowledges that photocopies are admissible as originals pursuant to G.S. 8-45.1, but argues that the

foundation here for their introduction as business records was insufficient.

Business records are admissible as an exception to the hearsay rule when they (1) are made in the regular course of business, at or near the time of the events recorded; (2) are original entries; (3) are based on the personal knowledge of the individual making the entries; and (4) are authenticated by a witness familiar with the system by which they were made. *See Sims v. Insurance Co.,* 257 N.C. 32, 35, 125 S.E. 2d 326, 329 (1962); *Piedmont Plastics v. Mize Co.,* 58 N.C. App. 135, 137, 293 S.E. 2d 219, 221 (1982); *Wright v. American General Life Ins. Co.,* 59 N.C. App. 591, 596, 297 S.E. 2d 910, 914 (1982); 1 *Brandis on North Carolina Evidence* § 155 (2d rev. ed. 1982).

The pole records were introduced through the testimony of defendant's contract supervisor. His testimony in support of introduction of the records was as follows:

> [Defendant] maintains a record with regard to the placement and construction of telephone poles. . . . [T]hat record is maintained in Asheville in the Engineering Office. . . . I use pole records in my job. I use them continuously. . . . I am familiar with the pole records as they exist in the Asheville office and as they relate to [certain poles on plaintiff's land]. . . . I have made or had made a photographic reproduction of the pole record as it exists in the Asheville Office with regard to [the poles on plaintiff's land]. . . . [T]hat photostatic copy is identical to the record as it exists in the Asheville office, except three marks I have checked [on the copy] . . . .

The witness offered no evidence that the entries were based on the personal knowledge of the individual making them, or that they were made at or near the time the poles were placed and constructed. While he claimed familiarity with the location and content of the records, he demonstrated no knowledge of the system by which they were made.

The witness' testimony thus did not qualify the pole records for admission as business records. We perceive no prejudice in their admission, however, because the only relevance of these records to the prescriptive easement issue was to show that

defendant's poles had existed on plaintiff's property for at least twenty years; and that fact was testified to by several witnesses.

[3] Plaintiff assigns error to the exclusion of certain testimony elicited on cross-examination from two of defendant's employees who had entered upon plaintiff's land to maintain the telephone lines. One would have testified he entered the land in the belief that defendant had a written easement. The other would have stated that he "presumed right-of-way" when he entered.

Defendant's use of plaintiff's land is presumed permissive until proven adverse, and defendant has the burden of proving the elements of a prescriptive easement — *i.e.*, that the use was (1) adverse, hostile, or under a claim of right, (2) open and notorious, and (3) continuous and uninterrupted for twenty years; and (4) that there is substantial identity of the easement claimed. *Potts v. Burnette*, 301 N.C. 663, 666, 273 S.E. 2d 285, 287-88 (1981); *Dickinson v. Pake*, 284 N.C. 576, 580-81, 201 S.E. 2d 897, 900-01 (1974); *City of Statesville v. Credit and Loan Co.*, 58 N.C. App. 727, 729, 294 S.E. 2d 405, 406 (1982); *Taylor v. Brigman*, 52 N.C. App. 536, 539-40, 279 S.E. 2d 82, 84-85 (1981).

Plaintiff contends the excluded evidence was relevant to "[negate] the claim of adverse possession and shows that it was by a mistaken entry and not an intentional claim that would be open, adverse, hostile and under a claim of right." Possession of land under the mistaken belief that it belongs to the possessor is not adverse to the true owner, since there must be an intent to claim against the true owner. *Price v. Whisnant*, 236 N.C. 381, 72 S.E. 2d 851 (1952); *Gibson v. Dudley*, 233 N.C. 255, 63 S.E. 2d 630 (1951). The cases cited, however, both involved situations where the adverse claimant held a deed which he mistakenly thought described the property claimed.

Although it has been stated that a use and enjoyment originating in mistake cannot be adverse, until the mistake is discovered, a more accurate statement of the rule is that where the party enjoying the easement does so under claim of right, independently of any deed or agreement, such enjoyment will be considered adverse even though it turns out that an existing agreement is based on mistake; but where the enjoyment has always been referred to a deed or agree-

ment which is finally shown to convey no right, another independent grant cannot be presumed.

28 C.J.S., Easements, § 14h, p. 658.

Defendant does not rest its claim of prescriptive easement upon any written deed or agreement purporting to convey a right to enter upon plaintiff's land. The excluded testimony thus does not negate that defendant's entry was under "claim of right," and whether defendant's employees believed a written easement existed was irrelevant to the issue being tried. It thus was not error to exclude the proffered testimony.

[4] Plaintiff assigns error to the refusal to allow him the final argument to the jury. The order of jury arguments is determined by the trial court, and its decision is final. Rule 10, General Rules of Practice for the Superior and District Courts; *Heilig v. Insurance Co.*, 222 N.C. 231, 233, 22 S.E. 2d 429, 431 (1942).

[5] Plaintiff contends the court erred in failing to give a requested instruction on open and visible uses. "[W]here adjoining properties of separate owners have been developed in relation to each other, so as to create cross easements . . . serving both properties, such easements, if open, apparent and visible, pass as an appurtenant to the respective properties, and are binding on grantees, although not referred to in the conveyance." *Packard v. Smart*, 224 N.C. 480, 485, 31 S.E. 2d 517, 519 (1944); *see Neamand v. Skinkle*, 225 N.C. 383, 35 S.E. 2d 176 (1945). The evidence here does not show the development of adjoining properties served by cross-easements. The requested instruction thus is not supported by the evidence, and the court properly declined to give it.

[6] Plaintiff contends the court erred in denying his request that the following issue be submitted to the jury: "Has the Defendant acquired a 30-foot easement over the land of the Plaintiff by open, notorious, adverse and continuous use for a period of twenty (20) years?" The court, after thoroughly charging on the factual elements of a prescriptive use, submitted the following issues: (1) "Has [defendant] acquired an easement over the land of the Plaintiff by prescriptive use for a period of twenty years before this action was commenced . . . ?"; and (2) "If so, what is the width of said prescriptive easement?"

The number, form, and phraseology of issues is in the court's discretion; and there is no abuse of discretion where the issues are "sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause." *Chalmers v. Womack*, 269 N.C. 433, 435-36, 152 S.E. 2d 505, 507 (1967); *accord, Harvel's v. Eggleston*, 268 N.C. 388, 394, 150 S.E. 2d 786, 792 (1966). *See also Whitley v. Redden*, 276 N.C. 263, 267, 171 S.E. 2d 894, 897 (1970); *Johnson v. Lamb*, 273 N.C. 701, 706, 161 S.E. 2d 131, 136 (1968). The issues submitted adequately addressed the points in controversy and were clearly sufficient under the above standard.

Plaintiff assigns error to twelve portions of the jury charge. We have carefully examined the entire charge, and we find these assignments without merit.

Plaintiff finally assigns error to the court's failure to set aside the jury verdict. Having found no prejudicial error in the trial, we find no merit in this assignment.

No error.

Judges VAUGHN and WELLS concur.