BUCK'S OIL COMPANY, INC. v. HOMER HORTON

No. 7410DC731

(Filed 6 November 1974)

1. Evidence § 29— admissibility of accounts and ledgers

In an action to recover the balance due on an account, a copy of a receipt from plaintiff's receipt book and certain ledger sheets were properly admitted for the purpose of proving that the sale of goods was made in the regular course of business at or near the time of the transaction involved where the documents were identified by a witness who was personally familiar with the entries on the documents and with the system under which they were made.

2. Trial § 57— nonjury trial — rules of evidence

Where the trial is by the court without a jury, the rules of evidence are not so strictly enforced as when tried by a jury, and it will be presumed that the judge disregarded the incompetent evidence unless the contrary affirmatively appears.

APPEAL by defendant from *Bullock, District Court Judge,* 29 April 1974 Session of District Court held in WAKE County.

This is a civil action to recover balance due on account for petroleum products sold and delivered over a period of years. Plaintiff alleged that defendant owed it the sum of $4,151.05. Defendant answered denying the debt and pleading the statute of limitations as a bar to this action.

Evidence for the plaintiff tended to show the following: that the account began in 1957, and as late as June, 1973, defendant asked plaintiff for oil; that on 28 October 1967, balance of said account was $4,061.59 and that the balance today is $4,151.05; that plaintiff forwarded defendant statements of the account and defendant never raised any objection thereto and in fact made payments on the account; and that plaintiff last received payment from defendant on 8 November 1972 in the amount of $5.00. Plaintiff submitted entries from a ledger account kept by the corporation in the course of business and a copy of a receipt for a cash payment received in November, 1972.

Defendant's evidence tended to show that defendant did not make a $5.00 cash payment on 8 November 1972; that defendant did not buy any gas or oil from plaintiff except on a cash basis since 1967; that defendant last paid on this account in November, 1966; and that defendant has not received a bill from plaintiff in the last three to four years. The trial court entered judgment for plaintiff in the amount of $4,151.05, with interest from 8 November 1972.

*Kirk & Ewell by Sam E. Ewell, Jr., for plaintiff appellee.*

*Vaughan S. Winborne for defendant appellant.*

VAUGHN, Judge.

[1] In his first two assignments of error, defendant contends that the Court erred in admitting into evidence a copy of a receipt from plaintiff's receipt book and certain ledger sheets.

Each of these documents tends to prove the sale of goods was made in the regular course of business at or near the time of the transaction involved, and was identified by a witness who was personally familiar with the entries on the documents and with the system under which they were made. This being the case, each is admissible. *See* 3 Strong, N. C. Index 2d, Evidence, § 29.

[2] Defendant's third assignment asserts that the Court erred in the admission of certain other evidence. Where, as here, the trial is by the Court without a jury, the rules as to the competency of evidence are not so strictly enforced as when tried by a jury, and it will be presumed that the judge disregarded the incompetent evidence unless the contrary affirmatively appears.

The Court found that defendant last made a payment on this account on 8 November 1972. This and the other findings of fact are supported by the evidence and are conclusive on appeal even though there is evidence to the contrary.

The findings of fact are sufficient to support the judgment which we must affirm.

Affirmed.

Judges CAMPBELL and PARKER concur.