OLYMPIC PRODUCTS COMPANY, A DIVISION OF CONE MILLS CORPORA-
TION, Plaintiff v. ROOF SYSTEMS, INC., CARLISLE CORPORATION,
D/B/A CARLISLE TIRE & RUBBER COMPANY, CAROLINA STEEL COR-
PORATION, and CRAVEN STEEL, INC., Defendants, and CAROLINA
STEEL CORPORATION, Third-Party Plaintiff v. CARLOS M. SUAREZ,
T/A and D/B/A CARLOS M. SUAREZ AND ASSOCIATES, Third-Party De-
FENDANT

No. 8518SC166

(Filed 18 February 1986)

**Limitation of Actions § 4.1— design and construction of roof—willful and wanton
negligence alleged—accrual of cause of action—applicability of amendment of
statute**

Where two defendants designed and erected the steel superstructure for
plaintiff's roof in 1969 and 1970, and the roof collapsed in 1982, plaintiff's
claims for damages based on the alleged willful and wanton negligence of
defendants were not barred by N.C.G.S. § 1-50(5), which provided at the time
of construction that no action to recover damages for injury to an improve-
ment to real property arising out of a defective condition of the improvement
could be brought more than six years after the improvement was completed,
since the statute was amended in 1981 to eliminate claims involving willful or
wanton negligence from operation of the statute.

Judge Phillips concurs in the result.

APPEAL by plaintiff and defendant Carlisle Corporation from
*DeRamus, Judge.* Judgment entered 16 November 1984 in Su-
perior Court, GUILFORD County. Heard in the Court of Appeals 24
September 1985.

This action arose out of the collapse of a roof of the plaintiff's
building on 26 May 1982. The plaintiff alleged that on 2 February
1982 Roof Systems entered into a contract for the installation of a
new roof on a part of the building and was negligent in the in-
stallation of the roof which negligence was a proximate cause of
the roof's collapse. Plaintiff alleged that Carlisle furnished the
roofing material to Roofing Systems and was negligent in the in-
structions it gave to Roofing Systems and in the supervision of
the installation of the roof which negligence was a proximate
cause of the collapse of the roof. Plaintiff also alleged a breach of
warranty by Carlisle.

The plaintiff alleged that in December 1969 it entered into a
contract with Carolina Steel to design and erect the steel super-

structure for the roof and that Carolina Steel's willful and wanton negligence in the construction of the roof was a proximate cause of the roof's collapse. Plaintiff alleged that Craven Steel contracted with Carolina Steel in 1970 to erect the superstructure and its willful and wanton negligence in the erection of the superstructure was a proximate cause of the roof's collapse.

All defendants filed answers and Carlisle cross claimed against Carolina and Craven alleging that one or both of them were negligent in the construction of the roof which proximately caused its collapse. Carlisle alleged that this negligence intervened and insulated any negligence by Carlisle, that the negligence of Carolina and Craven was active negligence while any negligence of Carlisle was passive negligence so that Carlisle is entitled to indemnity from Carolina and Craven, and that if the roof's collapse was caused by the joint negligence of Carlisle and either Carolina or Craven it was entitled to contribution from either or both of them.

Extensive discovery was conducted. Carolina and Craven made motions for summary judgment. The court granted the motions on the ground that the claims against Carolina and Craven were barred by G.S. 1-50(5). It did not pass on the contentions of these two defendants that the materials filed showed there was no willful or wanton negligence by either of them.

The plaintiff and Carlisle appealed.

*Smith, Moore, Smith, Schell & Hunter, by Vance Barron, Jr., for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Keith W. Vaughan and Keith A. Clinard, for defendant appellant Carlisle Corporation.*

*Gabriel, Berry, Weston & Weeks, by M. Douglas Berry, for defendant appellee Craven Steel, Inc.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by W. Winburne King III and Thomas W. Brawner, for defendant appellee Carolina Steel Corporation.*

WEBB, Judge.

This is not an appeal from a final judgment. The order granting summary judgment as to the claims against Carolina Steel and Craven Steel did not determine all claims. In our discretion we shall determine the matters brought forward by this appeal.

This appeal brings to the Court a question involving the interpretation of G.S. 1-50(5). G.S. 1-50(5) provided at the time of the construction of the building involved in this case that no action to recover damages for injury to an improvement to real property arising out of a defective condition of the improvement shall be brought more than six years after the improvement is completed. This section was amended in 1981 to provide that this limitation may not be asserted by any person who was guilty of willful or wanton negligence. The roof on the plaintiff's building was alleged to have collapsed in 1982. The question posed by this appeal is whether the 1981 amendment which eliminated claims involving willful or wanton negligence from G.S. 1-50(5) allows this action to be maintained when it could not have been brought prior to the amendment.

The appellees contend that six years after the building was complete any action by the plaintiffs was barred by G.S. 1-50(5) as it then was written. They say that at that time they had a vested right not to be sued and the General Assembly could not and did not amend G.S. 1-50(5) to take away this vested right.

We believe the resolution of this case depends on the interpretation our Supreme Court has given to G.S. 1-50(5). Our Supreme Court has interpreted G.S. 1-50(5) as a statute of repose and not a statute of limitation. *See Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983); *Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E. 2d 415 (1982). A statute of limitations bars a claim which has arisen. A statute of repose does not bar a claim but defines it. If an action is not brought on an existing claim within the time prescribed by a statute of limitations the claim is barred and the defendant has a vested right not to be sued which the legislature may not take from him. In the case of a statute of repose which defines a claim the legislature can create claims based on matters that occur in the future. In this case the General Assembly in 1981 defined claims for injuries which occurred after that date. The plaintiff's claim arose

after the adoption of this statute and it is not barred by the applicable statute of limitations. It is not a claim which has been barred by a statute of limitation which the legislature has attempted to revive. If the injury had occurred before the 1981 amendment to the statute and more than six years after the completion of the construction there would have been no claim and the amendment to G.S. 1-50(5) would not have affected it.

We find support for our reasoning in *Trustees of Rowan Technical College v. Hammond Assoc., Inc.*, 313 N.C. 230, 233-234, 328 S.E. 2d 274, 276 (1985) in which our Supreme Court stated:

> At the outset we note that the present version of [G.S. 1-50(5)] as amended effective 1 October 1981 (1981 Sess. Laws, c. 644), does not apply to this claim. Both parties concede that had plaintiff's claim accrued after the effective date of the 1981 amendments to [G.S. 1-50(5)], it would be governed by the six-year statute of repose contained therein. Plaintiff's claim accrued, however, before the effective date of this statute. If plaintiff's claim was already barred when amended [G.S. 1-50(5)] became effective, it could not be revived by the amendments.

This case is distinguishable from *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 320 S.E. 2d 273 (1984), *review denied*, 312 N.C. 796, 325 S.E. 2d 485 (1985) relied on by the defendants. In that case the damage occurred before the 1981 amendment. The statute then in effect said there was not a claim and the legislature did not create a claim based on matters that had occurred in the past.

Craven Steel argues that even if the claim is not barred by G.S. 1-50(5) it was not error to dismiss the claim. They say that although the plaintiff alleges their actions were willful and wanton the factual allegations show that at worst their actions constituted no more than negligence. We believe that pursuant to *Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326 (1984) the plaintiff has alleged enough to withstand a motion to dismiss the claim for willful or wanton negligence. The superior court did not pass on the sufficiency of the evidence to support a claim for willful or wanton negligence and no appeal was taken on this facet of the case. We do not pass on this part of the case.

Craven Steel also argues that Carlisle did not allege any willful or wanton negligence and the exclusion of G.S. 1-50(5) would not apply to Carlisle. As we read the allegations of Carlisle G.S. 1-50(5) does not apply. If Carlisle can show that any negligence attributed to it is insulated by the negligence of Carolina or Craven or that there was joint negligence of Carlisle and Carolina or Craven G.S. 1-50(5) does not prevent them from doing so.

For the reasons stated in this opinion we reverse the order for summary judgment in favor of Carolina Steel Corporation and Craven Steel, Inc.

Reversed and remanded.

Judge JOHNSON concurs.

Judge PHILLIPS concurs in the result.