BONESTELL v. NORTH TOPSAIL SHORES CONDOMINIUMS

[103 N.C. App. 219 (1991)]

SARA C. BONESTELL AND HUSBAND, SHERMAN BONESTELL, PLAINTIFFS
v. NORTH TOPSAIL SHORES CONDOMINIUMS, INC.; NATIONWIDE
HOMES, INC.; BOBBY DIXON, INDIVIDUALLY; TOPSAIL REEF
HOMEOWNER'S ASSOCIATION, INC., DEFENDANTS

No. 904SC870

(Filed 18 June 1991)

1. **Limitation of Actions § 4.2 (NCI3d) — beach condominium — negligent construction — statute of limitations — pleading**

   Summary judgment was properly granted for defendant Nationwide on the moisture claim of a negligent construction action where plaintiffs' affidavits indicated their contract to purchase the condominium was dated 8 November 1980; they notified the developer of the moisture problems within the first year; their action was instituted in 1986; and Nationwide gave plaintiffs adequate notice of its limitations defense, even though it failed to plead N.C.G.S. § 1-52(16) by precise number and subsection. Nationwide's express pleading of N.C.G.S. § 1-50 as an affirmative defense, along with its reference to a three-year statute of limitations, was sufficient to put the court and parties on notice that the timing of the lawsuit was an issue.

   **Am Jur 2d, Limitation of Actions §§ 85, 454, 457.**

2. **Limitation of Actions § 12.4 (NCI3d) — beach condominium — negligent construction — statute of repose — relation back**

   The trial court properly granted summary judgment for defendant Nationwide on a firestop claim in an action for negligent construction of condominiums where plaintiffs filed their original action in 1986 based exclusively on moisture and weather damage; they learned for the first time on 2 May 1988 in a letter from the homeowner's association that firestops had not been installed between the units in their building and the adjacent building, creating a significant fire hazard; plaintiffs moved on 25 July 1988 to amend their complaint to allege Nationwide's failure to install firestops; the court allowed the amendment; plaintiffs did not otherwise amend or alter the complaint, including the prayer for damages; Nationwide filed a motion for summary judgment on 23 May 1990, attaching an affidavit that plaintiffs' building was completed on 20 October 1980; that fact is not controverted; and

BONESTELL v. NORTH TOPSAIL SHORES CONDOMINIUMS

[103 N.C. App. 219 (1991)]

plaintiffs filed affidavits on 14 June 1990 asserting lost rentals due to leaks and adverse publicity concerning the missing firestops. N.C.G.S. § 1-50(5) is a statute of repose and provides an outside limit of six years after the performance of construction services. Plaintiffs' 1988 amendment does not relate back to the 1986 complaint, which fell just within the six-year period, because plaintiffs did not provide Nationwide with sufficient notice in the original complaint to support relation back of their claim for lost profits.

**Am Jur 2d, Limitation of Actions §§ 16, 85, 217.**

3. **Damages § 173 (NCI4th)— negligent construction—lost rentals—statute of repose—no relation back**

Plaintiffs were not entitled to lost rentals from a beach condominium on their negligent construction claim where it was not controverted that the building was completed in 1980; plaintiffs filed a complaint in 1986 alleging that negligent construction of common areas resulted in moisture problems; plaintiffs learned in 1988 that firestops had not been installed, resulting in a significant fire safety hazard; plaintiffs amended their complaint in 1988 to allege the failure to install firestops, but did not amend their prayer for damages; and plaintiffs filed affidavits in 1990 in response to defendant's summary judgment motion alleging lost rentals due to adverse publicity concerning the firestops. Even if the firestop claim related back, lost profits are special damages which must be specifically averred; plaintiffs do not fall within any of the exceptions of N.C.G.S. § 1-50(5), which provides a six-year statute of repose.

**Am Jur 2d, Damages §§ 626, 637, 827, 832, 834, 874.**

APPEAL by plaintiffs from judgment entered 25 June 1990 by *Judge James H. Pou Bailey* in ONSLOW County Superior Court. Heard in the Court of Appeals 19 February 1991.

*Hargett & Hargett, by Robert T. Hargett, for plaintiff-appellants.*

*Hunton & Williams, by Julius A. Rousseau, III, for defendant-appellee Nationwide Homes, Inc.*

**BONESTELL v. NORTH TOPSAIL SHORES CONDOMINIUMS**

[103 N.C. App. 219 (1991)]

PARKER, Judge.

Plaintiffs, owners of an allegedly defective beach condominium unit used for business rental purposes, instituted this civil action in 1986 against a number of defendants: North Topsail Shores Condominiums, Inc., the developer-general contractor for their condominium complex, known as Topsail Reef; Nationwide Homes ("Nationwide"), the builder of the Reef's modular units and construction loan provider; Dixon, president and project manager for the corporate developer and also a member of the board of directors of the homeowner's association; and Topsail Reef Homeowner's Association, Inc. ("homeowner's association"), which acquired management rights and supervisory duties for Topsail Reef from the developer. Nationwide, the only party defendant involved in this appeal, was granted summary judgment on both of plaintiffs' negligent construction claims.

The allegations against Nationwide are found (i) in plaintiff's original complaint, filed 25 September 1986, alleging improper ventilation resulting in moisture retention and causing "extensive staining, cracking and mildewing on the interior walls [and] weather damage to the carpet" owing to Nationwide's allegedly negligent construction and assembly of plaintiffs' modular unit, and (ii) in a paragraph added by an amendment to the complaint, alleging Nationwide's failure to install firestops as required by the State Building Code, causing a fire safety hazard.

Nationwide's answer specifically denied negligent construction of plaintiffs' unit. As its primary defense Nationwide asserted both the six-year statute of repose, N.C.G.S. § 1-50(5), for actions involving improvements to real estate, and the three-year limitations period for defective conditions that are or should have been apparent within three years of construction, though Nationwide did not expressly refer to N.C.G.S. § 1-52(16), the applicable limitations statute. As a further defense Nationwide alleged that a different subcontractor was "responsible for the construction of the roof [and] any other structure which would permit water to enter or accumulate as alleged in the Complaint."

Initially, we take judicial notice that Judge Bailey was assigned by special designation of the Chief Justice to preside over this action and two other civil actions arising out of alleged construction defects at Topsail Reef. In one of these actions, brought by the homeowner's association against the corporate developer and its

alleged agents/alter egos, Judge Bailey found as fact that remedying the lack of firestopping at Topsail Reef would cost between $81,000.00 and $94,000.00 and that Dixon was aware, no later than December 1980, "of the substantial deficiencies in the firestopping" at Topsail Reef, communicated with Nationwide about those deficiencies, but failed to inform the association of the lack of firestopping, failed to remedy those defects himself and likewise failed to have the defects remedied. The judgment entered 27 February 1990 awarded the homeowner's association $160,000.00 in compensatory damages, with interest, and $200,000.00 in punitive damages, all against Dixon, whose own company served as co-developer and general contractor for Topsail Reef. After Dixon filed for bankruptcy in August 1990, the court stayed the damage award. In the homeowner's association action, Judge Bailey also granted Nationwide summary judgment on the basis that the action was barred by the statutes of limitations and repose.

The other civil action by the individual owners of a different unit is the subject of a separate appeal decided simultaneously with this appeal. *McTague v. North Topsail Shores Condominiums*, 103 N.C. App. 229, 404 S.E.2d 893 (1991).

On appeal plaintiffs argue that their claims are not barred by either the statute of limitations, N.C.G.S. § 1-52, or the statute of repose, N.C.G.S. § 1-50. Although summary judgment is not ordinarily appropriate in negligence cases, *Vassey v. Burch*, 301 N.C. 68, 269 S.E.2d 137 (1980), the existence as a matter of law of a complete defense to a plaintiff's negligence claim permits the entry of summary judgment in defendant's favor. *Id.* at 72, 269 S.E.2d at 140; *see also Dickens v. Puryear*, 302 N.C. 437, 453, 276 S.E.2d 325, 335 (1981) (defendant entitled to summary judgment if plaintiff cannot surmount an affirmative defense barring the claim). We find that Nationwide has an unsurmountable defense to each of plaintiffs' claims.

I.

[1] Plaintiffs' moisture claim requires us to resolve two issues of law: (i) whether this claim is barred by the applicable statute of limitations and (ii) whether Nationwide effectively pleaded the limitations defense.

By their own admissions, plaintiffs' cause of action for the alleged moisture problems accrued no later than 1981. Plaintiffs'

affidavits indicate their contract to purchase the condominium was dated 8 November 1980. Plaintiffs' complaint states that they notified the developer of these moisture "problems within the very first year of ownership orally and in writing, as well as many other times within the past five years [before their 1986 action]." Plaintiffs have thus admitted their awareness of the alleged moisture problems at a time no later than 1981.

> A party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings.

*Davis v. Rigsby*, 261 N.C. 684, 686, 136 S.E.2d 33, 34 (1964).

The applicable statute of limitations is, therefore, N.C.G.S. § 1-52(16), requiring suit within three years of claimants' knowledge of physical damage to claimants' property. Under this statute, a cause of action accrues as soon as "physical damage to [the] property becomes apparent or ought reasonably to have become apparent . . ., whichever event first occurs." N.C.G.S. § 1-52(16) (1983). Plaintiffs' actual awareness of property damage started the running of the statute of limitations in this case.

For this reason, plaintiffs' 1986 lawsuit against Nationwide for moisture problems is procedurally barred unless we find that Nationwide did not properly assert its defense. *See, e.g., Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 493-94, 329 S.E.2d 350, 354-55 (1985), *aff'g*, 69 N.C. App. 505, 317 S.E.2d 41 (1984) (imposing time bar where plaintiff first complained of water problems eight years before filing suit and repeatedly complained of many leaks four years before suit); *Blue Cross and Blue Shield v. Odell Associates*, 61 N.C. App. 350, 356-58, 301 S.E.2d 459, 465-67, *disc. rev. denied*, 309 N.C. 319, 306 S.E.2d 791 (1983) (upholding summary judgment for defendant where plaintiffs knew of defects in glass panels more than three years before instituting suit).

We hold that Nationwide gave plaintiffs adequate notice of its limitations defense. Because Nationwide did not "surprise" plaintiffs with the limitations defense at the summary judgment hearing, Nationwide's failure to plead N.C.G.S. § 1-52(16) by precise number and subsection is not fatal under N.C.G.S. § 1A-1, Rule 8(c). Rule 8(c) requires that a statute of limitations defense be set forth affirm-

atively. Rule 8(c) also adopts the "notice" approach to pleadings, used throughout the Rules of Civil Procedure. "[An answer] shall contain a short and plain statement of any matter constituting an . . . affirmative defense sufficiently particular to give the court and the parties notice of the transactions . . . intended to be proved." N.C.G.S. § 1A-1, Rule 8(c) (1983). Nationwide's express pleading of N.C.G.S. § 1-50 as an affirmative defense, along with Nationwide's reference to a three-year statute of limitations, was sufficient to put the court and parties on notice that the timing of the lawsuit was an issue.

We hold, therefore, that the trial court properly granted summary judgment on the moisture claim.

## II.

[2] We turn next to the firestop claim. After plaintiffs filed their action based exclusively on moisture and weather damage, they learned for the first time, by letter dated 2 May 1988 from the homeowner's association, that firestops had not been installed between the units in their building and in the adjacent building, creating "a significant fire safety hazard to the occupants of these buildings." On 25 July 1988 plaintiffs moved to amend their complaint to allege Nationwide's failure to install firestops. The court allowed the amendment on 17 August 1988. Plaintiffs did not otherwise amend or alter the original complaint relating to moisture damage and containing prayers only for general compensatory damages in the amount of $20,000.00 and punitive damages in the amount of $25,000.00.

Nationwide filed for summary judgment on 23 May 1990 and attached two sworn affidavits to its motion. The affidavit of Nationwide's current senior vice-president states that the building in which plaintiffs' unit is located "was substantially and finally completed prior to October 20, 1980." This fact is not controverted. On 14 June 1990, some three weeks after Nationwide filed its motion for summary judgment, plaintiffs submitted affidavits asserting that "as a direct result of the leaks and adverse publicity regarding the buildings [sic] safety due to the lack of firestops, we suffered a loss of rentals" in the amount of $10,700.00.

We consider: (i) whether plaintiffs' claim for lost rental profits allegedly stemming from publicity about the lack of firestopping would be barred by the six-year statute of repose in N.C.G.S.

**BONESTELL v. NORTH TOPSAIL SHORES CONDOMINIUMS**

[103 N.C. App. 219 (1991)]

§ 1-50(5), absent preservation of the claim under some special rule, and (ii) whether the firestop claim for lost profits can be revived under the doctrine of relation back, despite the filing of the amended complaint more than seven and one-half years after plaintiffs purchased their condominium.

The six-year statute provides:

No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

N.C.G.S. § 1-50(5)a (1983), *construed in Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E.2d 868 (1983). A special provision for latent defects in N.C.G.S. § 1-50(5) states explicitly that its limited discovery rule falls within the outside restriction of the six-year period.

This subdivision prescribes an outside limitation of six years from the later of the specific last act or omission or substantial completion, within which the limitations prescribed by G.S. 1-52 and 1-53 continue to run. For purposes of the three-year limitation prescribed by G.S. 1-52, a cause of action based upon or arising out of the defective or unsafe condition of an improvement to real property shall not accrue until the injury, loss, defect or damage becomes apparent or ought reasonably to have become apparent to the claimant. However, as provided in this subdivision, no action may be brought more than six years from the later of the specific last act or omission or substantial completion.

N.C.G.S. § 1-50(5)f (1983). "G.S. 1-50(5) provides an outside limit of six years" after the performance of construction services. *Smith v. Sanitary Corp.*, 38 N.C. App. 457, 464, 248 S.E.2d 462, 467 (1978), *cert. denied*, 296 N.C. 586, 254 S.E.2d 33 (1979), *overruled on different ground, Love v. Moore*, 305 N.C. 575, 291 S.E.2d 141 (1982). "The statute thus [bars] a right of action even before injury has occurred if the injury occurs subsequent to the prescribed time period." *Id.* at 461, 248 S.E.2d at 465.

A statute of repose precludes initiation of an action beyond the fixed time period, even if the act or omission or defect was

not discovered until after the period fixed in the statute of repose has expired. *Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849 (1988) (statute of repose sets a fixed time limit beyond which plaintiff's claim will not be recognized); *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 440, 302 S.E.2d 868, 880 (1983) ("unless the injury occurs within the six-year period, there is no cognizable claim"); *accord* Annotation, *Time Limitation—Action against Architect*, 93 A.L.R.3d 1242, 1246-47 (1979) ("The effect of such statutes is to cut off entirely an injured person's right of action before it accrues, if it does not arise until after the statutory period has elapsed."). Plaintiffs argue that their firestop claim is saved by application of the doctrine of relation back. For the reasons that follow, we reject that argument. Notwithstanding the general principles concerning the effect of a statute of repose, our Supreme Court has held that an amended pleading filed after the expiration of a statutory time restriction may relate back to an earlier filing, under N.C.G.S. § 1A-1, Rule 15(c), if "the original pleading gave notice of the transactions, occurrences, or series of transactions or occurrences which formed the basis of the amended pleading." *Pyco Supply Co., Inc. v. American Centennial Ins. Co.*, 321 N.C. 435, 440-41, 364 S.E.2d 380, 383 (1988).

This Court must, therefore, consider whether the 1988 amendment relates back to the 1986 date of the original complaint, which date fell just under one month short of six years following completion of construction on plaintiffs' condominium unit. For relation back to occur, plaintiffs' original complaint must have given Nationwide notice of the "transactions and occurrences" to be proved pursuant to the amendment. "The test is whether defendant ought to have known from the original complaint the facts which plaintiff attempts to add by its amendment." *Condominium Assoc. v. Scholz Co.*, 47 N.C. App. 518, 528, 268 S.E.2d 12, 19, *disc. rev. denied*, 301 N.C. 527, 273 S.E.2d 454 (1980); *see also Pyco*, 321 N.C. at 442, 364 S.E.2d at 384.

The original claim against Nationwide was based entirely on moisture problems and water damage allegedly caused by negligent construction of the units' common areas. For these problems plaintiffs sought only general damages against Nationwide and the other defendants. Nationwide answered that a different subcontractor had installed the roof on plaintiffs' building. Contrary to the mandate in N.C.G.S. § 1A-1, Rule 9(g) that "items of special damage" be expressly pleaded, plaintiffs did not even raise the damage

issue of lost profits associated with lack of firestopping until they filed their affidavits in opposition to Nationwide's motion for summary judgment on 14 June 1990.

Under these asserted facts, Nationwide had no reason to foresee in September 1986, the date of the original complaint, that the scope of its liability could possibly extend to loss of rental value of the unit after the absence of firestopping became public knowledge for the first time in 1988. The proper analysis determines

> whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question.

6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1497, at 93 (2d ed. 1990).

Even under the notice theory of pleading, plaintiffs did not provide Nationwide with sufficient notice in the original complaint to support relation back of their claim for lost profits. "[I]n applying the relation back doctrine, [the court] must look to determine if adequate notice was supplied by the original complaint, rather than by papers which were subsequently filed in the action." *Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F. Supp. 1088, 1094 (N.D.N.Y. 1977) (allegations in amended complaint regarding defective mammary prostheses implanted in plaintiff in 1972 and thereafter did not relate back to original complaint against manufacturer for injuries arising from an allegedly defective prosthesis implanted in plaintiff's right breast in 1971, even though complaint did mention the 1972 implant and even though defendant did receive notice of allegations of additional injuries from plaintiffs' answers to interrogatories and from plaintiffs' memorandum of law in opposition to summary judgment motion). *Cf. Condominium Assoc.*, 47 N.C. App. at 528, 268 S.E.2d at 18-19 (amendment adding failure "to design adequate piping systems as to both plans and specifications" related back to original complaint alleging failure to comply with plans and specifications for water pipe system); *Pyco*, 321 N.C. at 443, 364 S.E.2d at 385 (amended complaint "averred basically the same allegations as the original complaint except that it did not [any longer] restrict itself to [one] specified contract number"

among four contracts by defendant to pay sums due for material supplied for a town water line improvement project).

[3] Even if we were to hold that the firestop claim did relate back, plaintiffs would not be entitled to lost profits, as such damages "are included under the rubric of special damages" and must be specifically averred. *Stanford v. Owens*, 46 N.C. App. 388, 398, 265 S.E.2d 617, 624, *disc. rev. denied*, 301 N.C. 95, 272 S.E.2d 300 (1980) (citing North Carolina Rule of Civil Procedure 9(g)). Case law defines what items of damage constitute "special damages." N.C.G.S. § 1A-1, Rule 9 Comment (1983). We note that the rule requiring specific pleading of special damages is, like the doctrine of relation back, based on the adequacy of notice to defendant. "[T]he facts giving rise to the special damages must be alleged so as to fairly inform the defendant of the scope of plaintiff's demand." *Rodd v. Drug Co.*, 30 N.C. App. 564, 568, 228 S.E.2d 35, 38 (1976).

Absent recourse to relation back of their special damages claim, plaintiffs can overcome the effect of N.C.G.S. § 1-50(5) only if they come within one of the statutory exemptions to the six-year rule. Because plaintiffs are not exempted, they cannot avoid the substantive effect of this legislation. Since the statute of repose "defines" plaintiffs' claim, *see Olympic Products Co. v. Roof Systems, Inc.*, 79 N.C. App. 436, 438, 339 S.E.2d 432, 434, *disc. rev. denied and appeal dismissed*, 316 N.C. 553, 344 S.E.2d 8 (1986), plaintiffs had no claim against Nationwide in 1988 for failure to install firestopping in 1980.

We hold, therefore, that the trial court properly granted summary judgment on the firestop claim.

Affirmed.

Judges JOHNSON and ORR concur.