**FINNEY v. ROSE'S STORES, INC.**

[120 N.C. App. 843 (1995)]

SHIRLEY FINNEY AND HUSBAND, J.W. FINNEY, JR., PLAINTIFFS v. ROSE'S STORES, INC., AND DIVERSIFIED PRODUCTS CORPORATION, DEFENDANTS

No. 9430SC105

(Filed 21 November 1995)

## Negligence § 99 (NCI4th)— injury while using treadmill— plaintiff's contributory negligence—summary judgment proper

In an action to recover for personal injuries sustained by plaintiff when she fell from an electric treadmill manufactured by one defendant and on display in the other defendant's store, the trial court properly entered summary judgment for defendants based on plaintiff's contributory negligence where the evidence tended to show that plaintiff took no precautions in examining the treadmill; she was "just fiddling" with the treadmill's controls for no apparent reason without determining what the consequences of her touching might be; and plaintiff readily admitted that she was not thinking and was therefore not exercising ordinary care to protect herself from injury.

**Am Jur 2d, Negligence §§ 1096 et seq.**

Judge GREEBE dissenting in part, concurring in part.

Appeal by plaintiffs from order of summary judgment entered 14 October 1993 by Judge Julia V. Jones in Haywood County Superior Court. Heard in the Court of Appeals 16 October 1995.

On 7 January 1991, the plaintiffs went to Rose's place of business in Waynesville, North Carolina. On display in the Sporting Goods section of the store were electric treadmills for home use. Shirley Finney stepped onto a treadmill manufactured by defendant Diversified Products and she began to touch the control panel of the treadmill. Unaware that the treadmill manufactured by defendant Diversified Products was plugged in, plaintiff touched the on/off control button and was thrown from the treadmill. As a result she sustained injuries to her back and knee.

Plaintiffs sued defendants for damages arising from personal injuries sustained as a result of the accident. On 14 October 1993 both defendants moved for summary judgment. Defendant Rose's moved for summary judgment on the issue of plaintiff's contributory negli-

**FINNEY v. ROSE'S STORES, INC.**

[120 N.C. App. 843 (1995)]

gence. Defendant Diversified Products Corporation moved for summary judgment on the issue of its own negligent design and plaintiff's contributory negligence. The trial court granted summary judgment in favor of the defendants. Plaintiffs appeal.

*Russell L. McLean, III, for plaintiff appellants.*

*Kathy A. Gleason for defendant appellee Rose's Stores, Inc. and Frank P. Graham for defendant appellee Diversified Products Corporation.*

ARNOLD, Chief Judge.

Plaintiffs presented evidence that Rose's was aware that the treadmill was plugged in and that the signs indicating such had been removed from the treadmill. Further, plaintiffs presented evidence that Rose's employees had witnessed other individuals falling off of the treadmill. However, a large number of these were children who would intentionally increase the treadmill speed to see if they could remain standing on the treadmill. Also, anytime that a Rose's employee was aware that someone was testing the treadmill, the employee would warn the individual to be careful. Plaintiff, Shirley Finney's deposition also reveals several key factors: (1) she had no personal experience with the use of treadmills; (2) she knew that treadmills worked by having a moving belt on which individuals stand and are thereby able to walk in place; (3) she made no attempt to locate, or to ask a salesperson for assistance before stepping onto the treadmill and manipulating its control panel; (4) she says that at the moment that she touched the treadmill's control panel she was just not thinking; (5) she says she was just fiddling with the treadmill's controls for no apparent reason; (6) she did not try to determine what the consequences of her touching the controls might be; (7) she did not hold on to the treadmill's handrails while standing on the treadmill; (8) she explains her behavior of touching the control panel buttons by saying that in general she just liked to touch things.

Defendant, as owner of the premises, owed to plaintiffs as invitees the duty to exercise ordinary care to keep the property in a reasonably safe condition, and to warn them of hidden or concealed dangers, express or implied. *Newsom v. Byrnes*, 114 N.C. App. 787, 788, 443 S.E.2d 365, 367 (1994). But business proprietors are not insurers of an invitee's safety. *Wren v. Convalescent Home*, 270 N.C. 447, 448, 154 S.E.2d 483, 484 (1967). Plaintiff may not recover if she knew of the unsafe condition, or if it should have been obvious to any ordinary

**FINNEY v. ROSE'S STORES, INC.**

[120 N.C. App. 843 (1995)]

person under the circumstances existing at the time she was injured. *Pulley v. Rex Hosp.*, 326 N.C. 701, 705, 392 S.E.2d 380, 383 (1990).

Plaintiff is required by law to exercise ordinary care for her own safety.

> Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to do so, and if he fails to exercise such care, and such failure, concurring and cooperating with the actionable negligence of defendant contributes to the injury complained of, he is guilty of contributory negligence. Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury. Plaintiff may be contributorily negligent if his conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety.

*Smith v. Fiber Controls Corp.*, 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980) (quoting *Clark v. Roberts*, 263 N.C. 336, 139 S.E.2d 593 (1965)). Plaintiff took no precautions in examining the treadmill. She readily admits that she was not thinking and was therefore not exercising ordinary care to protect herself from injury. In light of plaintiff's forecast of evidence the trial court correctly granted summary judgment on the issue of plaintiff's contributory negligence.

Plaintiff next argues that the trial court erred in granting summary judgment for defendant Diversified Products Corporation on the issues of contributory negligence and defendant's negligent design. We disagree. N.C. Gen. Stat. § 99B-4(3) (1994) supports the trial court's entry of summary judgment because plaintiff was contributorily negligent when she manipulated the controls of the treadmill. G.S. § 99B-4(3) provides:

> No manufacturer or seller shall be held liable in any product liability action if: (3) The claimant failed to exercise reasonable care under the circumstances in his use of the product, and such failure was a proximate cause of the occurrence that caused the injury or damage to the claimant.

G.S. § 99B-4(3) codifies the common law doctrine of contributory negligence. Where a complete defense, such as contributory negligence exists as to a plaintiff's negligence claim, summary judgment is properly entered for the defendant. *Bonestell v. North Topsail Shores*

*Condominiums, Inc.,* 103 N.C. App. 219, 222, 405 S.E.2d 222, 224 (1991).

Plaintiff's forecast of evidence shows that she did not exercise ordinary care in order to protect herself from injury when using defendant Diversified Products treadmill on display in defendant Rose's store. Thus, she is contributorily negligent and barred from asserting any claim against defendant Diversified Products. The trial court correctly found no genuine issue as to any material fact and correctly granted summary judgment in favor of defendant Diversified Products.

Affirmed.

Judge SMITH concurs.

Judge GREENE dissents in part and concurs in part with a separate opinion.

Judge GREENE dissenting in part, concurring in part.

I do not agree that the evidence supports the grant of summary judgment for the defendants on the basis of plaintiff's contributory negligence.

The evidence, in the light most favorable to the plaintiff, reveals that: the plaintiff had no understanding of how a treadmill was powered or operated, as she had never used one; there were no signs informing the plaintiff that the treadmill was electrically powered; the treadmill was electrically powered and was connected to the power source with a cord leading from the front of the treadmill to a plug box on the floor in front of the treadmill and then through a plastic pipe into the ceiling; boxes were stacked in front of the treadmill with the open tread facing the aisle; the plaintiff entered onto the treadmill from the open end of the machine; the plaintiff did not see any electrical outlets in the area of the treadmill or notice that it was connected to a power source; and she touched the controls on the machine, it came on at a high rate of speed and threw her off and onto the floor. This evidence raises a genuine issue of fact with regard to plaintiff's contributory negligence, but it does not in my opinion constitute contributory negligence as a matter of law. The evidence does show, as noted by the majority, that the plaintiff touched the control panels without thinking and did not hold onto the handrails. This evidence must, however, be evaluated in the context of whether she

METROPOLITAN PROP. AND CASUALTY INS. CO. v. LINDQUIST

[120 N.C. App. 847 (1995)]

knew or should have known that the machine was electrically powered and if so, connected to a power source. The evidence, in the light most favorable to the plaintiff, does not show that she knew or should have known that the treadmill was connected to a power source.

I do agree, however, that summary judgment for the defendant Diversified Products Corporation (Diversified) was proper for a different reason. The evidence simply does not support the allegations that Diversified was negligent. I would therefore affirm the summary judgment for Diversified and reverse the summary judgment for Rose's Stores, Inc., and remand for trial.